# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 3:09CR045-7 |
| Plaintiff, | : | JUDGE THOMAS M. ROSE |
| v. | : | |
| CALILIN J. GRANT, | : | |
| Defendant. | : | |

## PRELIMINARY ORDER OF FORFEITURE
## OF DEFENDANT CALILIN J. GRANT'S ASSETS

Upon the Motion of the United States for a Preliminary Order of Forfeiture, and the Court's review of the evidence in record, including the Plea Agreement, the Court HEREBY FINDS THAT:

1. The Defendant plead guilty to Count One of the Second Superseding Indictment charging him with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, Namely, at least 5 kilograms of Cocaine, in violation of 21 U.S.C. §§846 and 841(a)(1) and (b)(1)(A). (Doc. 162.)

2. In pleading guilty to Count One charging the Defendant with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, Namely, at least 5 kilograms of Cocaine, in violation of 21 U.S.C. §§846 and 841(a)(1) and (b)(1)(A), the Defendant agreed to the immediate forfeiture, pursuant to 21 U.S.C. §853(a)(1) and (2), of his interest in:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly as a result of the violation charged in Count One; and

   b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation.

3. The Defendant has an interest in the following property (hereinafter "Subject

Property"):

(a)     2009 BMW X6, VIN:5UXFG83529LZ93989

4.      The Subject Property is forfeitable, pursuant to 21 U.S.C. §853(a)(1) and (2) as property constituting, or derived from, any proceeds obtained, directly or indirectly and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation charged in Count One.

5.      The Defendant agreed that the Subject Property was subject to forfeiture pursuant to 21 U.S.C. §853(a)(1) and (2) and agreed to the immediate forfeiture of his interest in the above-described Subject Property.

6.      The United States has established the requisite nexus between the Subject Property and the Defendant's offense.

THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Defendant shall hereby forfeit pursuant to, 21 U.S.C. §853(a)(1) and (2), any property constituting, or derived from, any proceeds obtained, directly or indirectly and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation charged in Count One.

2.      The Defendant shall hereby forfeit, pursuant to 21 U.S.C. §853(a)(1) and (2), the following Subject Property:

(a)     2009 BMW X6, VIN:5UXFG83529LZ93989

3.      The Defendant having agreed to the immediate forfeiture of the Subject Property, this Preliminary Order of Forfeiture is final as to the Defendant and the forfeiture shall be made part of the sentence and included in the judgment. This order remains preliminary as to third parties until

the ancillary proceeding is concluded.

4. The United States is authorized to seize the Subject Property, whether held by the defendant or a third party; conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture; and to commence proceedings that comply with any statutes and federal rules governing third party rights, in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. In accordance with the direction provided by the Attorney General and Federal Rule of Criminal Procedure 32.2(b)(6), the United States shall publish notice of this Preliminary Order of Forfeiture and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(I) applies.

6. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United states Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure.

7. Any person, other than the Defendant, filing a petition to contest the forfeiture of specific property, must sign the petition under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts

supporting the petitioner's claim, and the relief sought.

8. If a third party files a petition asserting an interest in the Subject Property, the court will conduct an ancillary proceeding.

9. When the ancillary proceeding ends, the court will enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely petition, this Preliminary Order of Forfeiture will become the Final Order of Forfeiture.

10. The United States shall have clear title to the Subject Property following the court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this order; and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED:

Dated: December 13, 2011                                *s/THOMAS M. ROSE

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE